**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION NO.** |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| ) | **JURY TRIAL DEMAND** |
| **PARAMOUNT STAFFING, INC.,** ) | |
| ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Earnestine Tolar and a class of African Americans. The Equal Employment Opportunity Commission alleges that Paramount Staffing Inc., failed to place Ms. Tolar and a class of African Americans into temporary positions because of their race, Black and their national origin, American, and retaliated against Ms. Tolar for opposing employment practices made illegal by Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

**PARTIES**

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f).

4. At all relevant times, Defendant, Paramount Staffing, Inc., ("Defendant Employer"), was a foreign corporation doing business in the State of Tennessee and the City of Memphis and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

**STATEMENT OF CLAIMS**

6. More than thirty (30) days prior to the institution of this lawsuit, Earnestine Tolar filed a charge with the Commission alleging that Defendant Employer engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or around February 2004, and continuing thereafter, Defendant Paramount Staffing, Inc., engaged in unlawful

employment practices at its facility in Memphis, Tennessee in violation of §§703(a) and 704(a) of Title VII, as amended, 42 U.S.C. §§ 2000e-2(a)and 2000e-3(a). The unlawful practices include, but are not limited to, discriminating against Earnestine Tolar and a class of African Americans who were seeking temporary work.

8. Defendant contracted with a local warehouse to place temporary workers into unskilled labor positions. Generally, individuals seeking work would line up outside the warehouse a couple of hours before the start of the shift.

9. The warehouse officials would tell Defendant's onsite managers the number of employees needed in each department, each day. Then, after all of the positions were filled, the remaining individuals in line would be told to go home.

10. Ms. Tolar was hired by Defendant's predecessor in January 2004. She was placed at the warehouse in the custom packaging department as an assembly line worker. She would perform whatever work was available on a particular day. She could perform the job duties for most of the positions in the plant.

11. After the warehouse contracted with Defendant, warehouse officials told Ms. Tolar that if she was interested in continued employment, she should contact Defendant.

12. Ms. Tolar went to Defendant's office and completed another application. Defendant placed Ms. Tolar for a while, but later Defendant began to send her home when there were numerous

assignments available.

13.  Although Defendant sent Ms. Tolar home, Defendant continued to place Hispanic workers.

14.  On February 29, 2004, and March 16, 2004, Ms. Tolar complained to Defendant's onsite manager that its practices of sending African Americans home while assigning Hispanics to work, was discriminatory.

15.  After Ms. Tolar complained the second time, she was escorted off the property and terminated from her employment.

16.  Furthermore, when Defendant's predecessor had the contract, the work force was predominantly African American. When Defendant took over the contract in February 2004, its management it essentially replaced the African Americans with Hispanics.

17.  The dramatic reduction in the placement of African American workers was accomplished by several discriminatory practices.

18.  Hispanics were selected before African Americans, without regard to each individual's prior experience, place in line, or availability.

19.  There were times when Defendant's on-site managers would announce in English that there were no jobs available and the African Americans would leave. After the African Americans left, the Hispanics were allowed to come into the warehouse and work.

20.  The effect of the practices complained of above has

been to deprive Ms. Tolar and a class of African American individuals placement into temporary positions, because of their race, African American, and national origin, American, and to retaliate against Ms. Tolar for opposing the alleged discrimination.

21.   The unlawful employment practices complained of above were and are intentional.

22.   Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of African American and American workers.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates because of race, African Americans and national origin, American.

B.   Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that retaliate against persons who oppose employment practices made illegal by Title VII.

C.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for African Americans and Americans which eradicate

5

the effects of its past and present unlawful employment practices.

D.   Order Defendant Employer to make whole Earnestine Tolar and a class of African Americans and Americans by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring.

E.   Order Defendant Employer, to make whole Earnestine Tolar and a class of African Americans and Americans by providing compensation for pecuniary losses, including but not limited to costs to be incurred for the costs of seeking new employment, in amounts to be determined at trial.

F.   Order Defendant Employer to make whole Earnestine Tolar and a class of African Americans and Americans by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

G.   Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper.

I.   Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully Submitted

        **RONALD S. COOPER**
        General Counsel

        **JAMES LEE**
        Deputy General Counsel

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel


        S/ Faye A. Williams (by permission DS)
        **FAYE A. WILLIAMS**
        Regional Attorney
        Tennessee Bar No. 011730


        s/ Terry Beck (by permission DS)
        **TERRY BECK**
        Supervisory Trial Attorney
        Tennessee Bar No. 9346


        s/ Deidre Smith
        **DEIDRE SMITH**
        Senior Trial Attorney
        Tennessee Bar No. 018499

        **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
        1407 Union Avenue, Suite 621
        Memphis, Tennessee 38104
        Telephone: (901) 544-0140